IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Eric L. Aleman, | Case No. 1:07 CV 739 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Stuart Hudson, | |
| Respondent. | |

On March 14, 2007, *pro se* Petitioner, Eric Aleman, filed a Petition for Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the Mansfield Correctional Institution (MCI). He brings this action against Stuart Hudson, Warden of MCI, seeking an order vacating his convictions in the Cuyahoga County Common Pleas Court for kidnaping, aggravated robbery and two counts of aggravated murder.

Respondent filed a Motion to Dismiss Petition as Time Barred (Doc. No. 8). Petitioner then filed a Motion to Dismiss Petition Without Prejudice (Doc. No. 11); Respondent opposed (Doc. No. 12) and Petitioner filed a Reply (Doc. No. 13). The Magistrate Judge issued a Report and Recommendation (Doc. No. 14) granting Respondent's Motion to Dismiss and denying Petitioner's Motion to Dismiss. Petitioner filed Objections (Doc. No. 17).[1]

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings. For

---

[1] Although Petitioner did not object to the denial of his own Motion to Dismiss, this failure is not fatal. The Court may review any issue in the Magistrate's Report and Recommendation *sua sponte*. *Thomas v. Am*, 474 U.S. 140, 154 (1986).

the following reasons, the Court grants Petitioner's Motion to Dismiss and denies as moot Respondent's Motion to Dismiss.

**ANALYSIS**

A petitioner may voluntarily dismiss a habeas action without leave of court before respondent files a response. Federal Civil Rule 41(a)(1)[2]; *Williams v. Caruso*, No. 2:07-CV-11291, 2008 WL 544954, at *1 (M.D. Mich. Feb. 25, 2008) (Civil Rule 41 fully applies to federal habeas petitions). An action may also be dismissed "upon order of the court and upon such terms and conditions as the court deems proper." Federal Civil Rule 41(a)(2). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Generally, dismissal is appropriate unless the defendant would suffer some "plain legal prejudice" as a result of the dismissal. *Id.*; *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947) (plain legal prejudice prohibits trial courts from granting a dismissal without prejudice).

---

[2]

Rule 41(a)(1)(A) reads:

(a) Voluntary Dismissal.
    (1) By the Plaintiff.
        (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
            (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
            (ii) a stipulation of dismissal signed by all parties who have appeared.

Respondent filed neither an answer to the Petition nor a motion for summary judgment. Although Respondent filed a Motion to Dismiss, that does not defeat a voluntarily dismissal under Federal Civil Rule 41(a)(1). *See Aamot v. Kassel*, 1 F.3d 441, 444-445 (6th Cir. 1993) (a defendant's motion to dismiss does not constitute an answer or summary judgment motion under Federal Civil Rule 41(a)(1)). Therefore, dismissal without prejudice is appropriate.

Moreover, a habeas petition may be dismissed by order of the court under Federal Civil Rule 41(a)(2)[3]. And a dismissal without prejudice is appropriate unless Respondent will suffer "plain legal prejudice." The Court must consider four factors in determining whether Respondent will suffer "plain legal prejudice:" (1) the amount of time and effort the defendant has incurred in preparing for trial; (2) any lack of diligence on the part of the plaintiff in prosecuting the action; (3) the plaintiff's failure to explain the need for a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Grover*, 33 F.3d at 718. None of these factors weigh in favor of denying the Petitioner's Motion to Dismiss. The first, second, and fourth factors favor dismissal because the Petition is in its early stages and no discovery has occurred, there was no excessive delay in Petitioner bringing his Motion, and Respondent has expended minimal effort in this case with no resulting

---

[3] Rule 41(a)(2) reads:

(a) Voluntary Dismissal.

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

prejudice.  The third factor also favors dismissal, as Petitioner has explained the need to acquire a final and correct judgment from the trial court.[4] Dismissal of this habeas Petition is therefore also appropriate under Federal Civil Rule 41(a)(2).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Dismiss Without Prejudice is granted and Respondent's Motion to Dismiss is denied as moot.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                March 24, 2008

---

[4] Petitioner asserted in his Motion that the trial court rendered a substantively deficient judgment because the journal entry failed to make any findings of guilt.  In the Report and Recommendation, the Magistrate was "persuaded that it [was] not sufficient for the trial court to note, as in this case, only that it *accepted* the Petitioner's plea" (Doc. No. 14, p. 6).  The Court agrees, and it is this lack of finding which may open up avenues for Petitioner's appeal through the state court system before filing any appeals in federal court.